In re PARISH'S WILL. (Supreme Court, Appellate Division, Third Department. May 4, 1896.) Proceeding for the probate of the will of Ira Parish, deceased. Tilley Blakely and L. E. Bowe, for appellants. D. P. Loomis and R. M. Townsend, for respondents.

PER CURIAM. A careful examination of all the evidence leaves us in doubt whether probate of the alleged will should have been granted or refused. The main question, as it seems to us, is whether the decedent had testamentary capacity at the time of the execution of the instrument. The question of undue influence seems to rest largely upon the degree of the decedent's mental capacity. Apart from the inference that, if the decedent was unable to dictate the terms of the will, his son must have done it for him, the evidence of any influence is very slight. It is not clear to us that the will itself, regard being had to all the circumstances, is in any wise unnatural. It is unnecessary to recapitulate the evidence, or to restate the well-established rules by which testamentary capacity and the allegations of undue influence may be tested. We think the case is a proper one for a jury. We may add that we think that it was not error to receive the testimony of the attending physician upon the express waiver of the widow and contesting heirs. Code Civ. Proc. § 836; In re Murphy's Will, 85 Hun, 575, 33 N. Y. Supp. 198. Our order is that the decree of the surrogate's court of the county of

Otsego be reversed, and that the issues of fact be tried by a jury at a circuit in Otsego county, costs of this appeal to be paid out of the estate. The issues to be tried are as follows: Did the deceased, Ira Parish, at the time of the execution of the alleged will, December 17, 1894, have testamentary capacity? Did he execute the same voluntarily? Was he induced to execute the same by fraud or undue influence?